## Albert C. Taylor, Appellee, v. Burt Craig, Appellant.

### Gen. No. 6,311.    (Not to be reported in full.)

Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed May 9, 1917.

### Statement of the Case.

Action in assumpsit by Albert C. Taylor, plaintiff, against Burt Craig, defendant, to recover a balance alleged to be due for an automobile sold by plaintiff to defendant. From a judgment for plaintiff for $1,495, defendant appeals.

CHARLES W. ESPEY and JAMES H. ANDREWS, for appellant.

CHARLES E. STURTZ and WILLIAM C. EWAN, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 326*—*when evidence properly excluded as not coming within matters specified in notice of special defense to action*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*for purchase price.* In an action to recover the price of an automobile, where the defendant pleaded the general issue and gave notice of special matter of defense, setting up that plaintiff had agreed to and did recover as payment for the automobile a one-half interest in certain notes and a certain automobile, and at the trial evidence that there had been an express warranty and a breach thereof was excluded, *held* that such ruling was proper as the evidence offered did not come within the matters specified as a defense.

2. PLEADING, § 161*—*what is effect of giving notice of special defenses.* Where notice of special defenses is given, verified by an affidavit of merits, the defendant is limited, in presenting his defense, to the matters set up in the notice and affidavit of merits.

3. SALES, § 330*—*when instruction is erroneous as not based upon evidence.* Where, in an action for the purchase price of an automobile, an instruction was given to the effect that interest might be allowed on the purchase price, less a certain item of credit, from the time the purchase price was unreasonably and vexatiously withheld to the time of the trial, *held* that such instruction was erroneous as there was no evidence upon which a finding of such delay could be based.

4. INTEREST, § 23*—*when not allowed.* Mere delay in the payment of an account, caused by the making of a defense which the defendant claims to have, does not authorize the allowance of interest.

5. APPEAL AND ERROR, § 1659*—*when error in allowing interest cured.* Where interest is erroneously allowed and the amount so allowed can be definitely determined, the error can be cured by a remittitur.

6. APPEAL AND ERROR, § 1802*—*when case reversed and remanded.* Where interest is erroneously allowed and the amount thereof is unascertainable, the case should be reversed and remanded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.